UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

JUDGE CASTEL

**10 CIV 5336**

LEONA J. MILLER,
LEONA J. MILLER REVOCABLE TRUST,
individually and on behalf of all others similarly
situated,

        Plaintiffs,

v.

EKSPORTFINANS A.S.A.; BANC OF
AMERICA SECURITIES LIMITED; MERRIL
LYNCH & CO.; BANK OF AMERICA
CORPORATION; BANC OF AMERICA
SECURITIES LLC; BEAR, STEARNS
INTERNATIONAL LIMITED; BEAR,
STEARNS & CO. INC.; JPMORGAN;
BARCLAYS CAPITAL; BNP PARIBAS;
CITIGROUP; COMMERZBANK CAPITAL
MARKETS CORP.; CREDIT SUISSE;
DAIWA SECURITIES SMBC EUROPE;
DEUTSCHE BANK; DEUTSCHE BANK
SECURITIES; DRESDNER KLEINWORT;
FTN FINANCIAL SECURITIES CORP.;
GOLDMAN, SACHS & CO.; GOLDMAN
SACHS INTERNATIONAL; IXIS
SECURITIES NORTH AMERICA INC.;
JEFFERIES AND COMPANY, INC.;
MITSUBISHI UFJ SECURITIES
INTERNATIONAL PLC; MIZUHO
INTERNATIONAL PLC; MORGAN
STANLEY; NOMURA INTERNATIONAL
PLC; NORDEA; THE TORONTO-
DOMINION BANK; UBS INVESTMENT
BANK; WELLS FARGO BANK, NA;

        Defendants.

**CLASS ACTION COMPLAINT FOR
VIOLATIONS OF THE FEDERAL
SECURITIES LAWS**

**JURY TRIAL DEMANDED**



- 1 -

1.      Plaintiffs LEONA J. MILLER and LEONA J. MILLER REVOCABLE TRUST

("Plaintiff"), alleges the following based upon the investigation by Plaintiff's counsel which

included among other things, a review of the defendant's public documents, conference calls and

announcements made by defendants, United States Securities and Exchange Commission

("SEC") filings, wire and press releases published by and regarding the Eksportfinaans ASA

("Eksportfinans") securities analysts' reports and advisories about Eksportfinans and information

readily available on the Internet, and Plaintiff believes that substantial additional evidentiary

support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## INTRODUCTION

2.      This action seeks damages from defendants on behalf of a large class of investors who

lost money after they purchased defendants' debt securities. The issuers and underwriters of

these securities used phrases such "enhanced yield" and "principal protection."  In fact, these

securities were risky investments capable of losing the entire principal value.  They were

designed to appeal to older persons and retirees seeking yields higher than those of CD and/or

treasuries in the current interest rate environment.   These senior citizens make up a large portion

of the unsophisticated elderly clientele that were targeted by defendants.

3.      Language buried in the subject securities would leave even sophisticated investors dazed

with unfamiliar terms like "qualified inverse floating rate", "knock-in price", "enhanced

yield/principal protected" and "contingent downside protection." Defendants' securities herein

were, in reality, nothing more than risk-laden derivatives, which they marketed directly to the

investing public. The targeted retail investors were mainly elderly persons.

- 2 -

4.      The offering targeted the risk-averse conservative investors with suggestions that the notes were fully principal protected, which appealed to retired persons and others on fixed incomes who were seeking to preserve their capital and generate income.

5.      Defendant Eksportfinans issued these securities to finance its international credit operation from its headquarters in Oslo, Norway.   The securities provided twin benefits to Eksportfinans: (1) they raised capital and (2) they provided Eksportfinans with an advantageous derivative position poised to transfer stock market losses to the investors.   One prospectus given to investors bore the bland title of "Debt Securities", but in fact these securities were of an exotic type known as Reverse Convertible Notes, which actually function as derivatives and are members of a large and often troublesome class of securities referred to as "structured products."

6.      Defendants designed the "reverse convertibles" as being 100% principal-protected notes, whereas in fact they were complex derivatives that were rigged to transfer risks of loss of value in underlying securities from defendants to the small investors who bought the notes.

7.      Investors were confused by the hidden complexity of these "reverse convertibles" which mislead them into paying inflated prices for them. "Contingent Downside Protection" actually meant that the principal would be protected only if the price of the underlying security did not decrease below certain price at certain time. This caused the investors to lose money when the notes matured and they found themselves unexpectedly left holding shares of stock whose value was substantially less than the principal originally paid in. Defendant's securities often caused these forced conversions and losses within a matter of months.

8.      This class action is directed against Eksportfinans and its underwriters, who issued and facilitated the sale of these products to the public.

//

- 3 -

## NATURE OF THE ACTION AND OVERVIEW

9.      This is a federal class action on behalf of purchasers of Eksportfinans Enhanced Yield Securities Reverse Exchangeable Securities with Contingent Downside Protection ("the Securities") who purchased or otherwise acquired the Securities between September 1 2007, and present in or traceable to their respective initial public offerings ("the Offering"), seeking remedies under the Securities Act of 1933 (the "Securities Act").

10.     The Securities were issued by Eksportfinans and the ability of the Securities' holders to recover their invested principal and interest on the Securities was, and is dependent, in material part, on the creditworthiness, credit standing and overall financial condition of Eksportfinans. Eksportfinans stated use of proceeds from sales of each of the Securities was for general business purposes and to hedge market risks of Eksportfinans associated with its obligation to pay the applicable maturity payment amount at the maturity of the applicable securities.

11.     The complaint alleges that in connection with the Registration Statement, Prospectus, and Prospectus Supplements and Pricing Supplements used in the offer and sale of the Securities (the "Offering Materials"), defendants failed to disclose: (1)  that the Securities did not provide any downside protection but would in fact post losses one-to-one in relation to the underlying stock once the underlying stock reached a certain "knock-in" price; (2) that the Securities' high yields were paid for by the investors' exposure to unlimited downside risk and no exposure to any upside potential associated with the underlying stock; (3) that the discussion of "Risk Factors" and the Prospectus was insufficient and that it did not warn of the extent to which the Securities would be subject to the credit risk of Eksportfinans, and the extent to which the actual creditworthiness of Eksportfinans may affect the market value of the Securities and that, as a result of the foregoing, the Securities Offering Materials were false and misleading.

- 4 -

12.    As a result of defendant's wrongful acts and omissions, Plaintiff and other Class Members have suffered significant losses and damages

## JURISDICTION AND VENUE

13.    The claims asserted herein arise under pursuant to sections 11, 12(a)(2), and 15 of the Securities Act (15 U.S.C §§77k and 77o).

14.    This Court has jurisdiction over the subject matter of this action pursuant to Section 22 of the Securities Act (15 U.S.C § 77v).

15.    Venue is proper in this judicial district pursuant to section 22 of the securities act many of the acts and transactions alleged here and including the preparation and dissemination of materially false and misleading information occurred in substantial part in this Judicial District.

16.    In connection with the acts, conduct and other wrongs alleged in this Complaint, defendants, directly or indirectly used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

17.    Plaintiff Leona J. Miller ("Miller") is a resident of State of California.   Miller, as set forth in the accompanying certification, incorporated by reference herein, purchased the subject securities during the Class Period and has been damaged thereby.

18.    Defendant Eksportfinans A.S.A. is the issuer of the Securities and is a Norwegian export credit agency having its principal executive offices located at Dronning Mauds gate 15, N-0250 Oslo, Norway.

19.     Defendant Banc of America Securities Limited ("BASL") is a British corporation having its principal executive offices located at 5 Canada Square, London.  BASL was designated, and acted as, an underwriter for the Offering.

20.     Defendant Merrill Lynch & Company, Inc. ("Merrill Lynch") is a Delaware corporation, which was designated, and acted as, an underwriter for the Offering.

21.     Defendant Bank of America Corporation ("Bank of America") is a bank holding company and is a Delaware corporation having its principal executive offices located at 100 North Tyson Street, Charlotte, North Carolina.   Bank of America acquired defendant Merrill Lynch & Company, Inc. in January 2009.  Additionally, Bank of America, through its wholly owned subsidiary, defendant Banc of America LLC, was designated, and acted as, an underwriter for the Offering.

22.     Defendant Banc of America Securities LLC is a Delaware limited liability company having its principal executive offices located at One Bryant Park, New York, New York. Banc of America Securities LLC is a wholly owned subsidiary of Bank of America, and was designated and acted as, an underwriter for the Offering.

23.     Defendant Bear, Stearns International Limited ("BSIL") is a British corporation.  BSIL was designated, and acted as, an underwriter for the Offering.

24.     Defendant Bear, Stearns & Co. Inc. ("Bear Stearns") is a Delaware corporation.  Bear Stearns was designated, and acted as, an underwriter for the Offering.

25.     Defendant JPMorgan acquired defendant Bear Stearns in March 2008. JPMorgan is now known as JPMorgan Chase Bank, N.A., a Delaware corporation with its principal place of business located at 270 Park Avenue, New York, New York.  JPMorgan was designated, and acted as, an underwriter for the Offering.

26.     Defendant Barclays Capital, Inc. ("Barclays") is a Connecticut corporation having its principal executive offices located at 745 7th Avenue, New York, NY.  Barclays was designated, and acted as, an underwriter for the Offering.

27.     Defendant BNP Paribas Securities Corp. ("BNP Paribas") is a Delaware corporation with its principal executive offices located at 787 7th Ave., New York, New York.  BNP Paribas was designated, and acted as, an underwriter for the Offering.

28.     Defendant Citigroup, Inc. ("Citigroup") is a Delaware corporation with its principal executive offices located at 399 Park Ave., New York, New York.  Citigroup was designated, and acted as, an underwriter for the Offering.

29.     Defendant Commerzbank Capital Markets Corp. ("Commerzbank") is a private company with its principal executive offices located at 1251 Avenue of the Americas, 21st Fl., New York, NY.  Commerzbank operates as a subsidiary of Commerzbank AG, a German stock corporation.  Commerzbank was designated, and acted as, an underwriter for the Offering.

30.     Defendant Credit Suisse (USA), Inc.("Credit Suisse") is a Delaware corporation with its principal executive offices located at 11 Madison Avenue, New York, New York.  Credit Suisse was designated, and acted as, an underwriter for the Offering.

31.     Defendant Daiwa Securities SMBC Europe ("Daiwa Europe") was a wholly owned subsidiary of a Japanese corporation known as Daiwa Securities SMBC Co., Ltd prior to January, 2010.  Daiwa Europe is now known as Daiwa Capital Markets Europe Limited and is the wholly owned subsidiary of Daiwa Securities Capital Markets Co Ltd, which is the investment banking arm of Daiwa Securities Group Inc, one of the largest brokerage and banking groups in Japan. Daiwa Europe was designated, and acted as, an underwriter for the Offering.

32.     Defendant Deutsche Bank AG ("Deutsche Bank") is a German stock corporation with its principal place of business located at Theodor-Heuss-Allee 70, 60486 Frankfurt Am Main, Germany.  Deutsche Bank was designated, and acted as, an underwriter for the Offering.

33.     Defendant Deutsche Bank Securities, Inc. ("Deutsche Bank Securities") is a Delaware corporation with its principal place of business located at 60 Wall Street, 10th Floor New York, NY.  Deutsche Bank Securities is a subsidiary of defendant Deutsche Bank, and was designated, and acted as, an underwriter for the Offering.

34.     Defendant Dresdner Kleinwort is a British investment bank which was acquired by defendant Commerzbank in September 2009.  Dresdner Kleinwort was designated, and acted as, an underwriter for the Offering.

35.     Defendant FTN Financial Securities Corp. ("FTN") is a Florida corporation having its principal place of business located at 845 Crossover Lane Suite, Suite150, Memphis, Tenessee. FTN was designated, and acted as, an underwriter for the Offering.

36.     Defendant Goldman, Sachs & Co. ("Goldman Sachs") is a New York limited liability company having its principal place of business located at 200 West Street, New York, New York, 10282.  Goldman Sachs was designated, and acted as, an underwriter for the Offering.

37.     Defendant Goldman Sachs International is a business entity of unknown form having its principal place of business located at 85 Broad Street, New York, New York. Goldman Sachs International was designated, and acted as, an underwriter for the Offering.

38.     Defendant Ixis Securities North America, Inc. ("Ixis Securities") is a New York corporation now doing business as Natixis Securities North America, Inc. with its principal place of business located at 9 West 57th Street, 36th Floor, New York, New York.  Ixis Securities was designated, and acted as, an underwriter for the Offering.

39.      Defendant Jefferies and Company, Inc. ("Jefferies") is a Delaware corporation with its principal place of business located at 520 Madison Avenue, 10th Floor New York, New York. Jefferies was designated, and acted as, an underwriter for the Offering.

40.      Defendant Mitsubishi UFJ Securities International plc ("Mitsubishi International") is an investment bank incorporated in the United Kingdom, having a principal place of business located at 6 Broadgate, London.  Mitsubishi International was designated, and acted as, an underwriter for the Offering.

41.      Defendant Mizuho International plc ("Mizuho") is an investment bank incorporated in the United Kingdom, having a principal place of business located at 1 Friday Street, London. Mizuho was designated, and acted as, an underwriter for the Offering.

42.      Defendant Morgan Stanley & Co. Incorporated ("Morgan Stanley") is a Delaware corporation having a principal place of business located at 1585 Broadway, New York, New York.  Morgan Stanley was designated, and acted as, an underwriter for the Offering.

43.      Defendant Nomura International plc is an investment bank incorporated in the United Kingdom, having a principal place of business located at 1 St. Martin's-le-Grand, London. Nomura International was designated, and acted as, an underwriter for the Offering.

44.      Defendant Nordea is a financial services group in the Nordic and Baltic region, having a principal place of business located in Stockholm, Sweden.  Nordea was designated, and acted as, an underwriter for the Offering.

45.      Defendant Toronto-Dominion Bank ("TD") is now known as TD Bank Financial Group, having a principal place of business located in Toronto, Canada.  TD was designated, and acted as, an underwriter for the Offering.

46.     Defendant UBS Investment Bank ("UBS") now known as UBS Financial Services Inc., a Delaware corporation having a principal place of business located at 1200 Harbor Boulevard, Weehawken, New Jersey.  UBS was designated, and acted as, an underwriter for the Offering.

47.     Defendant Wells Fargo Bank, NA ("Wells Fargo") is a national association incorporated in California, having a principal place of business located at 101 N Phillips Avenue, Sioux Falls South Dakota.  Wells Fargo acquired Wachovia Securities in October 2008.  Wachovia Securities was designated, and acted as, an underwriter for the Offering.

## SUBSTANTIVE ALLEGATIONS

48.     The Securities were first offered to the public on or about September 1, 2007 pursuant to a registration Statement and Prospectus filed with the SEC, and a series of Prospectus Supplements and/or Pricing Supplements relating thereto, which specified the precise terms of each series of Securities issued throughout the Class period.

49.     EKSPORTFINANS issued a Prospectus dated February 5, 2007 and a Prospectus Supplement dated February 5, 2007, in connection with the anticipated offer, sale of issuance of its "Medium Term Notes" ("MTN's"), including the Securities that are the subject of this action. Beginning on or about September 7, 2007, in connection with the offer, sale, and issuance of the first of the Securities, EKSPORTFINANS filed a Product Supplement for each series of Securities offered for sale thereafter. The documents referred to in this Paragraph, together with additional prospectus supplements and/or pricing supplements are referred to collectively herein as the "Offering Materials". The Offering Materials each incorporated by reference EKSPORTFINANS' Registration Statement and EKSPORTFINANS's other S.E.C. filings and financial statements contained therein.

- 10 -

50.     Through these Offering Materials, EKSPORTFINANS offered for sale Securities at issue. For each series of Securities offered by EKSPORTFINANS pursuant to the Prospectus and registration statement EKSPORTFINANS issued one or more prospectus or pricing supplements.

51.     The Offering Materials were materially false and misleading because Defendants failed to disclose or indicate the following (1)  that the Securities did not provide any downside protection but would in fact post losses one-to-one in relation to value of the underlying stock once the price of the underlying stock dropped below a certain "knock-in" price; (2) that the Securities' high yields were paid for by the investors' exposure to **unlimited** downside risk and no exposure to any upside potential associated with fluctuations in price of the underlying stock; (3) that the discussion of "Risk Factors" and the Prospectus was insufficient and that it did not warn of the extent to which the Securities would be subject to the credit risk of Eksportfinans, and the extent to which the actual creditworthiness of Eksportfinans may affect the market value of the Securities

52.     By failing to disclose the risks summarized above, the Offering Materials misrepresented the risks associated with investment in the Securities.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

53.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b) (3) on behalf of a Class, consisting of all those who purchased or otherwise acquired the Securities between November 17, 2006 and the present date in or traceable to the Offering and who were damaged thereby (the "Class"). Excluded from the Class are defendants, the officers and directors of the corporate defendants, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which defendants have or had a controlling interest.

54.     The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that here are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by Defendants or their transfer agent, and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

55.     Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by defendants' wrongful conduct in violation of federal law that is complained of herein.

56.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

57.     Common questions of law and fact as to all members of the Class and predominate over any question solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

> (a) whether the federal securities laws were violated by defendants' acts as alleged herein
>
> (b) whether Offering material misrepresented and/or failed to disclose material facts in connection with the Securities; and
>
> (c) to what extent the members of the Class have sustained damages and the proper measure of damages.

58.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as

the damages suffered by Individual Class members may be relatively small, the expense and

burden of litigation make it impossible for members of the Class to individually redress the

wrongs done to them. There will be no difficulty in the management of this action a class action.

### FIRST CAUSE OF ACTION
### Violation of Section 11 of
### The Securities Act Against All Defendants

59.    Plaintiff repeats and realleges each and every allegation above as if set forth fully herein.

This Count is brought pursuant to Section 11 of the Securities Act, 15 U.S.C. §77(k). this claim

is not based on fraud.

60.    This claim is brought by Plaintiff and on behalf of other members of the Class who

purchased or acquired EKSPORTFINANS' Securities pursuant or traceable to the Offering

Materials. Each Class member purchased or acquired their Securities pursuant or traceable to the

Offering Materials. EKSPORTFINANS is the issuer of the Securities through the Offering

Material. The Individual Defendants are signatories to the registration Statement.

61.    Defendants owed to Plaintiff and The Class the duty to make a reasonable and diligent

investigation of the statements contained in the Offering Materials at the time they became

effective to ensure that such statements were true and correct and that there was no omission of

material fact required to be stated to make the statements contained therein fair and accurate.

62.    None of the Defendants made a reasonable investigation or possessed reasonable grounds

for the belief that the statements contained in the Offering Materials were true or that there was

no omission of material facts necessary to make the statements therein not misleading.

63.    Defendants issued and disseminated, caused to be issued and disseminated, participated

in the issuance and dissemination of, material misstatements to the investing public contained in

the Offering Materials, which represented or failed to disclose, inter alia, the facts set forth

above. By reason of the conduct alleged herein, each defendant violated Section 11 of the Securities Act.

64.     EKSPORTFINANS, as issuer of the Series FP Securities, is strictly liable to Plaintiff and the Class for the material misstatements and omissions discussed above.

65.     Each of the Defendants as underwriters and/or sellers of EKSPORTFINANS' Series Securities is liable to Plaintiff and the Class for the material misstatements and omissions discussed above.

66.     At the time Plaintiff and the Class obtained their Securities, Plaintiff and the Class had no knowledge of the facts concerning the misstatements or omissions alleged herein.

67.     This action is brought within one year after discovery of the untrue statements and omissions in the Offering Materials, and within three years of the effective date of the Offering Materials issued and used to sell the Securities.

68.     By virtue of foregoing, Plaintiff and the Class are entitled to damages under Section 11 as measured by the provisions of Section 11(e), from Defendants and each of them jointly and severally.

## SECOND CAUSE OF ACTION
### Violation of Section 12(a) (2) of
### The Securities Act against All Defendants

69.     Plaintiff repeats and realleges each and every allegation contained above as though fully set forth herein.

70.     This Count is brought for violation of Section 12(a)(2) of the Securities Act, 15 U.S.C. §77 (a)(2), against the Sales Agent Defendants, each of whom offered and sold EKSPORTFINANS' Securities by means of Registration Statement and Prospectus.

71.     The Offering Materials included untrue statements of material fact and omitted to state material facts necessary in order to make the statements, in light of the circumstances in which they were made, not misleading.

72.     Plaintiff and members of the Class did not know, nor would they have known, of the untruths or omissions contained in the Offering Materials.

73.     The Sales Agent defendants named herein were obligated to make a reasonable and diligent investigation of the statements contained in the Offering Materials to ensure that such statements were true and that there was no omission of material fact required to be stated in order to make the statements contained therein not misleading. The Sales Agent Defendants failed to make a reasonable investigation or possess reasonable grounds for the belief that the statements contained in the Offering Materials were accurate and complete in all material aspects.

74.     This claim has been brought one year after the discovery of the untrue statements and omissions in the Offering Materials and within three years after the EKSPORTFINANS Securities were sold to the Class in connection with the Offering.

75.     By reason of the misconduct alleged herein, Defendants named in this Count violated Section 12(a) (2) of the Securities Act and are liable to Plaintiff and the members of the Class who purchased or acquired the Securities in the Offering, each of whom has been damaged as a result of such violations.

### THIRD CAUSE OF ACTION
#### Violation of Section 15 of the Securities Act
#### Against the Individual Defendants

76.     Plaintiff repeats and realleges each and every allegation contained above, as though fully set forth therein

77.     This cause of action is brought by Plaintiff pursuant to Section 15 of the Securities Act. 15 U.S.C. §77o, on behalf of the Class against the Individual Defendants.

- 15 -

78.    EKSPORTFINANS is liable as an issuer under Section 11 of the Securities Act as set forth in first cause of action herein.

79.    Each of the Individual Defendants is a control person of EKSPORTFINANS with respect to the Offering by virtue of their positions as senior executive officers and/or directors of EKSPORTFINANS.

80.    As a result, the Individual Defendants are liable under Section 15 of the Securities Act for EKSPORTFINANS's primary violations of Section 11 of the Securities Act.

**WHEREFORE,** Plaintiff on behalf of herself and the Class prays for relief and judgment as follows:

    (a) Declaring this action to be a Class action properly maintained pursuant to the Federal Rules of Civil Procedure, certifying the Class, and certifying counsel as Class Counsel;

    (b) Awarding Plaintiff and the other members of the Class damages against Defendants, jointly and severally, together with interest thereon;

    (c) Awarding Plaintiff and the other members of the Class their costs and expenses of this litigation, including reasonable attorney's fees, accountants' fees and experts' fees and other costs and disbursements; and

    (d) Awarding Plaintiff and the Class such other and further relief as may be just and proper under the circumstances.

//

//

//

//

## JURY TRIAL DEMAMDED

Plaintiff hereby demands a trial by jury.

Dated: July 6th, 2010

_Ronald A. Marron_

Ronald A. Marron [CA Bar No. 175650]
LAW OFFICES OF RONALD A.
MARRON, APLC
3636 Fourth Avenue, Ste. 202
San Diego, CA 92103
Tel.: (619) 696-9006

Georgiy B. Lyudyno [CA Bar No. 268380]
LAW OFFICES OF RONALD A.
MARRON, APLC
3636 Fourth Avenue, Ste. 202
San Diego, CA 92103
Tel.: (619) 696-9006

- 17 -

## CERTIFICATION OF PLAINTIFF
## PURSUANT TO FEDERAL SECURITIES LAWS

I, Leona Miller, on behalf of Leona J. Miller Revocable Trust and others similarly situated ("Plaintiffs") declare as to the claims asserted under the federal securities laws, that:

1. I have reviewed a class action complaint asserting securities claims arising out of the purchase of Eksportfinans A.S.A. Banc of America and authorize you to file or join in filing this complaint on my behalf as a plaintiff and a proposed lead plaintiff in this matter

2. Plaintiff did not purchase the securities that are the subject matter of this action at direction of plaintiff's counsel or in order to participate in this private action

3. Plaintiff is willing to serve as a representative party on behalf of the class, including providing testimony at deposition and trial, if necessary.

4. My transactions in the relevant Eksportfinans enhanced yield reverse convertible structured product during the Class Period are set forth in Attachment A to this Certification

5. During the three years prior to the date of this Certification, Plaintiff has not sought to serve or served as a representative party for a class in any action under the federal securities laws except as follows; None.

6. Plaintiff will not accept any payment for serving as a representative party on behalf of the class beyond plaintiff's pro-rata share of any recovery, except such as reasonable costs and expenses (including lost wages) directly relating to the representation of the class as ordered or approved by the court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _Tues day_ Day of _June 22_, 2010

_Leona J Miller_
Leona J. Miller
Plaintiff

## ATTACHMENT A

### PLAINTIFF'S TRANSACTION IN EKSPORTFINANS ENHANCED YIELD REVERSE EXCHANGEABLE SECURITIES DURING THE CLASS PERIOD

| Date of Purchase | Product | Initial Cost | Date of Forced Exchange | Stock Received in Forced Exchange | Final Value Received |
|---|---|---|---|---|---|
| 5-16-08 | Eksportfinans Reverse Exchangeable Securities | $20,000 | 11-25-08 | 500 shares Merck & Co. stock at $29 | $14,500 |